ALFRED T. WAGNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23744. Promulgated October 22, 1929.

*John F. Hughes, Esq.*, and *James H. Amick, C. P. A.*, for the petitioner.

*E. A. Tonjes, Esq., A. H. Murray, Esq.*, and *J. A. Lyons, Esq.*, for the respondent.

OPINION.

TRUSSELL: The theory upon which respondent has included in petitioner's income these amounts received by his wife in the taxable years in question appears to be that the gift by petitioner to his wife is one unenforceable under the statute of frauds as not in writing and that the laws of Michigan forbid a partnership relation between husband and wife, and consequently the partnership interest must be recognized as still in the ownership of the husband during the years in question, and his wife be considered as having no interest in the partnership or liability in connection therewith.

In so far as the first question is concerned, it may be said that the statute of frauds concerns the remedy alone, merely making unenforceable an unperformed contract to which it applies or refusing damages for its breach, and may be invoked only by the party to the contract against whom it is sought to be enforced or by one who has derived a definite interest in the subject matter through such party. It can not be taken advantage of by a third party who is not a privy or successor in interest of one of the parties. Williston on Contracts, vol. 1, sec. 530. In the present case we have not a contract to convey but a completed transaction—a gift made and received, of property which petitioner had a right to convey and in which the United States had no form of interest. The statute of frauds has no application.

The answer to the first question disposes of the second, even though respondent be correct in his theory that petitioner's wife did not under the laws of Michigan become a partner under the contract of February, 1920. She was the beneficial owner of the partnership interest and received the income from same. Whether or not she was in law a partner is immaterial. The income was from her property, was received by her, and was taxable to her. *R. E. Wing*, 17 B. T. A. 1028; *Elmer Klise*, 10 B. T. A. 1234; *Albert Kahn*, 14 B. T. A. 125; *L. F. Sunlin*, 6 B. T. A. 1232. Respondent was in error in including in petitioner's income these amounts received by his wife.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

STERNHAGEN, ARUNDEL, and MURDOCK dissent.